UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 04-60001-CR-COOKE/BROWN

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

KIFAH WAEL JAYYOUSI, et al.,

    Defendants.
_____/

**ORDER ADOPTING
MAGISTRATE'S REPORT AND RECOMMENDATION
ON DEFENDANT JAYYOUSI'S MOTION TO DISMISS THE
SUPERSEDING INDICTMENT AS VIOLATIVE OF THE FIRST AMENDMENT**

THIS MATTER was referred to the Honorable Stephen T. Brown, United States Magistrate Judge, for a Report and Recommendation on Defendant Jayyousi's Motion to Dismiss the Superseding Indictment as Violative of the First Amendment of the United States Constitution, filed February 21, 2006 [D.E. 211].[1]  The Court has made a *de novo* review of the issues that the objections[2] to the Magistrate Judge's Report and Recommendation present, and being otherwise fully advised in the premises, it is

**ORDERED and ADJUDGED** that United States Magistrate Judge Stephen T. Brown's Report and Recommendation is **AFFIRMED and ADOPTED**.  Accordingly, it is

---

[1] Defendant Hassoun filed a Motion to Adopt Co-Defendant Jayyousi's Motion to Dismiss under First Amendment as Applied to the Factual Allegations Against Hassoun on June 1, 2006 [D.E. 368].  The motion was granted on June 2, 2006 [D.E. 372].

[2] Defendant Jayyousi filed objections to the Report and Recommendation, [D.E. 754], corrected objections, [D.E. 757] and Defendant's Amended Objections to Magistrate's Report and Recommendation [D.E. 763].  Pursuant to Defendant Jayyousi's request, the amended objections replaced the previous docket entries.

**ADJUDGED** that Defendant Jayyousi's Motion to Dismiss the Superseding Indictment as Violative of the First Amendment, filed February 21, 2006 [D.E. 211], is DENIED for the reasons more fully set forth below.

Defendant Jayyousi contends that the Fifth Superseding Indictment does not allege facts sufficent to support any criminal conduct. In his objections, the Defendant contends that the Magistrate Judge relied on facts not pled in the Indictment to deny the motion.

First, Jayyousi argues that the Magistrate Judge relied on the existence of sixty newsletters to determine that the Indictment does not violate his First Amendment rights. The discussion of the newsletters is mentioned only in a footnote. ( R & R at 6, n.1). The Magistrate Judge does not rely only on the existence of the newsletters and finds that although "to the extent that *The Islam Report* merely advocated terrorism in general, or jihad at some indefinite time, the action of publishing or distributing the report would be protected" and "at this stage in the proceedings, there is no evidence as to exactly what was stated in the newsletter." ( R & R at 6). Here, the Magistrate Judge determines that there is a lack of evidence as to what Defendant Jayyousi advocated in *The Islam Report*.

Second, Defendant Jayyousi argues that the Magistrate Judge relied upon "the Government's assertion (again not contained in the Indictment), that Dr. Jayyousi had direct communication with Sheikh Omar Abdel Rahman." (Defendant's Amended Objections to Magistrate Report and Recommendation Regarding Defendant's Motion to Dismiss the Superseding Indictment as Violative of the First Amendment of the United States Constitution at 2). This is not the case at all. The referenced footnote discusses the relevance of <u>United States v. Rahman</u>, 189 F.3d 88 (2d Cir. 1999). The footnote states:

> The Government notes that this case is relevant because Sheikh

> Omar Abdel Rahman is considered a high ranking leader within the Egyptian Islamic Group, a designated foreign terrorist group, and Defendant Jayyousi had direct communication with Rahman and sought his advice and direction in carrying out his activities.

(R & R at 8, n.2). The Magistrate Judge correctly analyzed the law on a motion to dismiss. The analysis is limited to the allegations contained in the Indictment and read in the light most favorable to the Government.[3]

Defendant Jayyousi further argues that all the allegations contained in the Indictment and all reasonable inferences fail to establish that he committed any overt act which would create criminal liability for the conspiracies in Counts I and II of the Indictment and the substantive offense in Count III. Defendant is incorrect.

The First Amendment does not immunize all speech-based conduct. The protections afforded by the First Amendment are not absolute and there are certain well-defined and narrowly limited classes of speech, the prevention and punishment of which have never raised constitutional problems. <u>Virginia v. Black</u>, 538 U.S. 343, 358 (2003). Making a course of conduct illegal is not an abridgment of speech merely because the proscribed conduct is initiated by the spoken or written word. <u>Giboney v. Empire Storage & Ice Co.</u>, 336 U.S. 490, 502 (1949).

The Indictment alleges that the Defendants used *The Islam Report* and other publications to recruit individuals to engage in jihad and to fundraise for jihad activities, as well as to facilitate the provision of aid and materials for terrorist and support groups. This type of activity goes beyond the scope of protected First Amendment speech and advocacy. Defendant Jayyousi's "speech" in this case, as the Indictment alleges, went beyond the publication of newsletters and general advocacy for terrorist activities. There are numerous overt acts listed in

---

[3] A reading of the Report and Recommendation without the cited footnotes would yield no different result.

the Indictment evincing conduct beyond mere speech and advocacy. See Fifth Superseding Indictment, Overt Acts ¶¶ 15, 17, 18, 19, 24, 31, 35.[4] Reading the allegations contained in the Indictment in the light most favorable to the Government, the Defendants agreed, conspired, solicited and otherwise aided and abetted a conspiracy to murder individuals outside the United States. This support was facilitated in ways other than the publication of a newsletter and mere advocacy. The First Amendment provides no protection for the conduct of providing resources knowing and intending that they be used for crimes of violence. United States v. Sattar, 314 F. Supp. 2d 279 (S.D.N.Y. 2004) (citing NAACP v. Claiborne Hardware, 458 U.S. 886, 916 (1982) ("The First Amendment does not protect violence. Certainly violence has no sanctuary in the First Amendment, and the use of weapons, gunpowder and gasoline may not constitutionally masquerade under the guise of 'advocacy.'") (citations omitted)). The Indictment alleges both non-speech and speech-based conduct that support the charges against Jayyousi. The Defendant is not entitled to dismissal.

        **DONE and ORDERED** in Chambers at Miami, Florida, this 12th day of March, 2007.

*[signature: Marcia G. Cooke]*
MARCIA G. COOKE
United States District Judge

Copies provided to:

Magistrate Judge Stephen T. Brown

Counsel of Record

---

[4] Defendant minimizes these allegations. He argues that he did not commit any overt act to further the alleged conspiracies contained in the Indictment. But as the Government points out, an overt act need not be unlawful in itself. Any act, viewed in insolation, whether or not unlawful may suffice. United States v. Lanier, 920 F.2d 887, 893 (11th Cir. 1991).