UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 04-60001-CR-COOKE/Brown

UNITED STATES OF AMERICA,
          Plaintiff,

vs.

ADHAM AMIN HASSOUN, et. al.,
          Defendant.
_____ /

## ORDER DENYING DEFENDANT JAYYOUSI'S MOTION IN LIMINE REGARDING ORDER OF PROOFS [D.E. 940]

**THIS MATTER** is before the Court on defendant Jayyousi's Motion in Limine Regarding Order of Proofs [D.E. 940].[1]  The government filed Government's Opposition to Defendant Jayyousi's Motion in Limine Regarding Order of Proofs on April 16, 2007. [D.E. 1001]. For the reasons stated below, the Defendant's Motion is **DENIED**.

Defendant Jayyousi contends that this Court is required to have the government lay out its evidence of the conspiracy in a written proffer prior to trial. Jayyousi further contends that the Court must then hold a pre-trial hearing before allowing the jury to hear any statement that the government argues is admissible as a "statement by a coconspirator of a party during the course and in furtherance of the conspiracy." Fed. R. Evid. 801(d)(2)(E).  The Court, however, is not required to have the

---

[1] This motion was filed on March 30, 2007, a little over two weeks before the start of voir dire. Defendant Jayyousi was well aware, for over a year, of the nature of the government's proofs in this case and that the government might rely on the statements of alleged co-conspirators. Yet, couched as a simple motion in limine, he chose to wait until the eve of trial to urge this Court to require the government submit extensive written proffers concerning the potential evidence and for the Court to conduct lengthy trial-like hearings on this evidentiary issue. Regardless of merit, the lack of timeliness in filing this motion would delay opening statements and testimony in this matter.

1

government lay out evidence of the conspiracy in a written proffer prior to trial. Nor is the Court required to hold a pre-trial hearing before allowing the jury to hear any statement that the government alleges is a "coconspirator" statement.

The Eleventh Circuit has held that a pretrial hearing on admissibility of coconspirator statements pursuant to Fed. R. Evid. 801(d)(2)(E) "need not be made prior to trial." United States v. Van Hemelryck, 945 F.2d 1493, 1498 (11th Cir. 1991). A district court may consider these statements and rule on their admissibility subject to proof of the rule's requirements during the course of the trial. See United States v. Norton, 755 F2d 1428, 1431(11th Cir.1985).[2]

Also, this Court is not aware of a requirement that the government submit a written proffer prior to trial regarding the admissibility of evidence under Fed. R. Evid. 801(d)(2)(E). This practice may be custom in other circuits, however, there is no such practice, at this time, in the Southern District of Florida.[3]

Accordingly, it is hereby**:**

**ORDERED and ADJUDGED** that Defendant Jayyousi's Motion in Limine Regarding Order of Proofs [D.E. 940] is **DENIED**.

---

[2] The requirement for a so-called pre-trial "James" hearing, pursuant to United States v. James, 576 F.2d 1121 (5th Cir. 1978), was subsequently vacated due to its "unworkable and onerous" nature. See James, 590 F.2d 575 (5th Cir. 1979). Furthermore, James has been partially overruled by the Court in more recent decisions, see e.g., United States v. Bourjaily, 483 U.S. 171 (1987), and the Eleventh Circuit has consistently held that the court "can admit these statements subject to the government later connecting them up." See United States v. Allison, 908 F.2d 1531, 1534 n.2 (11th Cir. 1990) ("[Defendant] claims he was entitled to a James hearing prior to admission of the offending statement. This is not true.").

[3] Defendant Jayyousi cites to the practice in the Seventh Circuit.

**DONE and ORDERED** in Chambers at the United States District Courthouse, Miami, Florida, this 13th day of May, 2007.

*[signature: Marcia G. Cooke]*
MARCIA G. COOKE
United States District Judge

Copies furnished to:   *All Counsel of Record*